Guiseppe Rizzo, Defendant in Error, v. Elgin, Joliet & Eastern Railway Company, Plaintiff in Error.

## Gen. No. 14,615.

NEGLIGENCE—*what essential to establish.* Held, in this case, that in order to entitle the plaintiff to recover, the burden was upon him to show that the turning over of a rail by hand was not reasonably safe, and that he was, when injured, in the exercise of reasonable care for his own safety, and that such burden was not successfully carried.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1908. Reversed with finding of facts. Opinion filed November 8, 1909.

KNAPP, HAYNIE & CAMPBELL and WILLIAM BEYE, for plaintiff in error.

BERNARD P. BARASA, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of the fourth class in the Municipal Court, brought by defendant in error against plaintiff in error, for personal injuries, plaintiff had judgment for $500, to reverse which defendant prosecutes this writ of error.

Plaintiff was a laborer in the service of the defendant. A gondola car of defendant loaded with iron rails

ran off the track at a crossing in such a way as to foul the track of the other company. In order to replace the car on the track it was necessary to unload it. A flat car was placed on another track near to the gondola car, and rails were transferred from the gondola car to that car. The men employed in that work transferred a number of rails on to the flat car, went on that car and piled those rails; then transferred more rails on to the flat car and again went on the flat car and piled those rails, and so transferred and piled several lots of rails. A rail may be considered as consisting of three parts; the base, the head and the web. The rails of the first tier were placed on the floor of the flat car side by side on their bases. The width of the base of a rail was much greater than the thickness of the head or web, so that when the rails were so placed the space between the heads and webs of two contiguous rails was sufficient to permit a rail to be placed, head down, between such rails. When so placed the base of the inverted rail rested on the heads of such contiguous rails. A second tier of rails was then piled on the first tier, heads down, in the space between two contiguous rails of the first tier. A third tier was then placed on the second, bases down, the bases resting on the bases of the inverted rails of the second tier, and of course leaving the same space between the heads of two contiguous rails as in the first tier. The men then proceeded to pile a fourth tier, heads down, on the third tier, in the same manner that the second tier was piled on the first. To so pile a rail in the fourth tier it was lifted by the men to the top of the third tier and placed, base down, near to the space between two contiguous rails into which it was to go. To pile such rail it was necessary to turn it upside down so that the head of the rail would pass between the heads of the two contiguous rails between which it was to go.

The testimony for the plaintiff consisted of his own testimony and that of one witness called by him. Their

testimony tended to show that plaintiff had . never loaded rails on a flat car before the day of the accident; that thirty or forty rails had been piled on the flat car before plaintiff was called to assist in the work of transferring rails; that in piling such rails, tongs, a rail fork and a bar had been used to turn over a rail; that plaintiff had helped to throw six or eight rails from the gondola car to the flat car, when the men were ordered by their foreman to go on the flat car, and ordered to turn over the rails with their hands; that plaintiff assisted in turning over two rails by hand, and in turning over the third rail, two of his fingers were caught and so injured that they had to be amputated; that about twenty men had hold of the rail, either pulling or pushing, to turn it over; that plaintiff stood in front of the rail pulling on it to turn it over towards him; that his fingers were caught between the rail which he had hold of and the rail alongside of which that rail went. The statement of the plaintiff's claim in the *praecipe* was that he was injured by the negligence of the defendant in failing to furnish a sufficient number of men and in failing to furnish suitable tools and appliances with which to work in unloading rails from one car to another, and also by negligently ordering said work to be done in a hurried, unskillful and careless manner.

The men furnished by the defendant were able to lift the rail and place it in proper position alongside of the space into which it was to go, and were able to turn the rail over. There is no evidence tending to sustain the claim that the defendant failed to furnish a sufficient number of men.

The great preponderance of the evidence is that no tongs, bar or fork were used to turn over any rail which had been piled prior to the accident; but if such tools, or any of them, had been used for that purpose, the failure to use them after plaintiff went on the car is not evidence from which the jury might properly find that the failure to use such tools, or any of them,

constituted or was negligence. If the method of turning over rails by hand in piling them in the manner above described, was reasonably safe, then the defendant was not bound to furnish or use tools for that purpose. So as to the alleged negligent order. If the method of turning over rails by hand was reasonably safe, the order to the plaintiff and the men with him to turn the rails over by hand did not constitute negligence.

To entitle him to recover the burden was on the plaintiff to show that the turning over of a rail by hand was not reasonably safe, and that he was, when injured, in the exercise of reasonable care for his own safety. Plaintiff was pulling on the rail to turn it over towards him. The space into which the head of the rail was to go was between him and the rail on which he was pulling. He was injured by his fingers being caught between the rail he was assisting to turn over and the head of the rail on the side of the space above mentioned on which plaintiff was. He was in no danger of injury unless, when the rail he was assisting to turn over was turned so nearly upside down that its head came near to the head of the rail alongside of which it must pass, he kept his hand, or some part of it, in such position that it would be caught between the two rails.

We do not think that from the evidence the jury could properly find that the turning over of the rails by hand, under the circumstances shown by the evidence, was not reasonably safe. The danger of injury to plaintiff if he permitted his hand to be between the rails as they came together, was so obvious and apparent to any one, however inexperienced in the work, that no warning of such danger, no instruction to keep his hands from between the rails, was required of the defendant.

In our opinion the jury could not, from the evidence in this record, properly find, either that the defendant

was guilty of negligence, or that the plaintiff was in the exercise of reasonable care for his own safety.

The judgment will therefore be reversed with a finding of facts, and the cause will not be remanded.

*Reversed with finding of facts.*